IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MICHELLE LYNNE WILMOTH,**

    Plaintiff,

v.          CIVIL ACTION NO. 1:11CV129
           (Judge Keeley)

**COMMISSIONER OF SOCIAL SECURITY.**

    Defendant.

### ORDER ADOPTING MAGISTRATE JUDGE'S OPINION/REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. §636(b)(1)(B), Rule 72(b), Federal Rules of Civil Procedure and Local Court Rule 4.01(d), on August 10, 2011, the Court referred this Social Security action to United States Magistrate Judge John S. Kaull with directions to submit proposed findings of fact and a recommendation for disposition.

On December 18, 2012, Magistrate Judge Kaull filed his Report and Recommendation ("R&R"), and directed the parties, in accordance with 28 U.S.C. §636(b)(1) and Rule 6(e), Fed. R. Civ. P., to file with the Clerk of Court any written objections within fourteen (14) days after being served with a copy of the R&R. He further advised the parties that failure to file objections would result in a waiver of the right to appeal from the judgment of this Court. The parties did not file any objections.

**WILMOTH V. COMMISSIONER OF SOCIAL SECURITY**            **1:11CV129**

## ORDER ADOPTING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

Upon consideration of Magistrate Judge Kaull's recommendation and having received no written objections,[1] the Court **ACCEPTS** the Report and Recommendation in whole and **ORDERS** this civil action disposed of in accordance with the recommendation of the magistrate judge. Accordingly,

1. The plaintiff's motion for Summary Judgment (Docket No. 13) is **GRANTED-IN-PART**;

2. The defendant's motion for Summary Judgment (Docket No. 16) is **DENIED**;

3. The plaintiff's claim is **REMANDED** to the Commissioner for further consideration pursuant to the recommendations contained in the Report and Recommendation; and

4. This civil action is **DISMISSED WITH PREJUDICE** and **RETIRED** from the docket of this Court.

The Clerk of Court is directed to enter a separate judgment order. Fed.R.Civ.P. 58. If a petition for fees pursuant to the Equal Access to Justice Act (EAJA) is contemplated, the plaintiff

---

[1] Wilmoth's failure to object to the Report and Recommendation not only waives her appellate rights in this matter, but also relieves the Court of any obligation to conduct a *de novo* review of the issues presented. See Wells v. Shriners Hospital, 109 F.3d 198, 199-200 (4th Cir. 1997); Thomas v. Arn, 474 U.S. 140, 148-153 (1985).

**WILMOTH V. COMMISSIONER OF SOCIAL SECURITY**                                  **1:11CV129**

### ORDER ADOPTING MAGISTRATE JUDGE'S
### REPORT AND RECOMMENDATION

is warned that, as announced in <u>Shalala v. Schaefer</u>, 113 S.Ct. 2625 (1993), the time for such a petition expires ninety days thereafter.

      Pursuant to Fed.R.Civ.P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of this Order to counsel of record.

DATED: January 18, 2013.

                                                       /s/ Irene M. Keeley  
                                                       IRENE M. KEELEY  
                                                       UNITED STATES DISTRICT JUDGE